IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James Benton, ) | Case No. 0:24-cv-00852-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Stanley Black and Decker, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's renewed motion for sanctions [Doc. 58] and Plaintiff's motion for extension and to appoint counsel [Doc. 75]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

## BACKGROUND

Plaintiff filed his Complaint on February 20, 2024, alleging claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). [Doc. 1.] After Defendant filed an Answer [Doc. 24], the Court issued a Scheduling Order with a deadline of August 30, 2024, for the completion of discovery. [Doc. 27.] Plaintiff was given additional time to respond to Defendant's discovery requests [Doc. 43], but he failed to respond and Defendant filed a motion to compel [Doc. 45]. Defendant also moved for sanctions under Rule 37 of the Federal Rules of Civil Procedure based on Plaintiff's failure to respond to Defendant's discovery requests and his failure to appear for his properly noticed deposition. [Doc. 46.] Responding to the sanctions motion, Plaintiff asserted that he did not have counsel, stated that he was living in a shelter for displaced persons, and stated he was doing his best. [Doc. 47.] On September 3, 2024, Plaintiff also moved for an additional extension

of time to respond to Defendant's discovery requests.  [Doc. 49.]  On September 5, 2024, the Court granted Defendant's motion to compel, ordered Plaintiff to respond to Defendant's discovery requests by September 30, 2024, ordered Plaintiff to submit to a properly noticed deposition prior to October 15, 2024, and warned Plaintiff that if he failed to comply with the Order, he could be subject to sanctions that could include dismissal of the Complaint.  [Doc. 52.]

On October 3, 2024, Defendant filed its renewed motion for sanctions, notifying the Court that Plaintiff still had not responded to its discovery requests.  [Doc. 58.]  In a supplement to that motion filed on October 9, 2024, Defendant informed the Court that Plaintiff once again had failed to appear for his properly noticed deposition.  [Doc. 60.] Defendant's supplement includes counsel's text messages with Plaintiff on the morning of the deposition in which Plaintiff, one hour before the scheduled start of the deposition, asked if he could participate by Zoom and soon after informed counsel that he would not be able to attend the deposition.  [Doc. 60-1 at 2–4.]  Defendant emphasizes in its motion that on both occasions, Plaintiff's deposition was set to be taken about one mile from Plaintiff's address.  [Doc. 60 at 1 n.2.]  Defendant seeks the sanction of dismissal of this action based on Plaintiff's failure to comply with an Order of the Court and his failURE to participate in discovery, and requests an award of reasonable expenses and attorneys' fees.  [Docs. 58; 60.]

On October 18, 2024, Plaintiff filed a motion requesting that the expired deadlines imposed in the Court's September 5, 2024, Order be extended.  [Doc. 62.]  He explained that he was "having a hard time" finding an attorney and that his work was "very demanding," and he requested that an attorney be appointed for him.  [*Id.*]  At that point,

2

Plaintiff's mail began to be returned to the Court as undeliverable, and on November 4, 2024, Plaintiff filed a notice of change of address. [Docs. 64; 65; 68.]

## THE MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

On June 10, 2025, with Plaintiff having made no filing or other communication with the Court since he filed his motion of October 18, 2024, the Magistrate Judge issued an Order and Report and Recommendation ("Report") denying Plaintiff's motion for extension and to appoint counsel and recommending that Defendant's renewed motion for sanctions be granted in part and that this Court exercise its discretion to impose sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure and dismiss Plaintiff's Complaint. [Doc. 70.] With respect to the Report section, the Magistrate Judge considered the Rule 37 factors and concluded that Plaintiff had shown bad faith by failing to comply with the Court's Order requiring him to respond to Defendant's discovery requests and by twice failing to appear for his properly noticed depositions. [*Id.* at 7.] The Magistrate Judge concluded that Plaintiff's actions prejudiced Defendant in two ways. [*Id.*] Defendant incurred expense and expended substantial time attempting to obtain discovery from Plaintiff—including his attendance at his depositions—but Defendant was unable to obtain the discovery or depose Plaintiff, which damaged its ability to defend against Plaintiff's claims. [*Id.*] The Magistrate Judge found that Plaintiff's refusal to comply with discovery deadlines, deposition notices, and the Court's Order "demonstrates a history of proceeding in a dilatory manner." [*Id.*] And, the Magistrate Judge concluded that Plaintiff had no ability to pay monetary sanctions and thus that such sanctions would not be likely to have deterrent effect. [*Id.*] The Magistrate Judge therefore found that there was "no evidence that sanctions less drastic than dismissal would be effective in

this case." [*Id.*] On that basis, the Magistrate Judge recommends that Plaintiff's Complaint be dismissed. [*Id.* at 8.]

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 9.] Plaintiff filed objections and filed a motion for an extension of time to sit for deposition and otherwise respond to discovery and for appointment of counsel. [Docs. 74; 75.] On July 10, 2025, Defendant filed a response to Plaintiff's objections. [Doc. 76.]

## **STANDARD OF REVIEW**

Regarding dispositive motions, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)). Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true

4

ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).

On the other hand, review of the Magistrate Judge's decisions on non-dispositive matters is deferential, and such rulings will be modified or set aside only if they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A ruling "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted).

## **DISCUSSION AND CONCLUSION**

The Court concludes that Plaintiff's objections, liberally construed, fail to specifically address the Report's findings, recommendations, and rulings. Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. The Court also finds no clear error in the Magistrate Judge's Order denying Plaintiff's motion for appointment of counsel and for an extension of time. Accordingly,

the Magistrate Judge's Order denying Plaintiff's motion for appointment of counsel and for an extension of time is AFFIRMED; Defendant's renewed motion for sanctions against Plaintiff pursuant to Rule 37 [Doc. 58] is GRANTED; Plaintiff's Complaint is DISMISSED with prejudice; Defendant's request for attorneys' fees and expenses is DENIED; and Plaintiff's motion for extension of time and for appointment of counsel [Doc. 75] is FOUND AS MOOT.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

August 5, 2025.
Columbia, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.